IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DESMOND DEMETRIUS ANTWINE, )<br>)<br>Defendant. ) | Case No. CR-19-165-D<br>(Case. No. CIV-23-943-D) |

**O R D E R**

The matter before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 40], filed October 16, 2023. Defendant, who appears *pro se*, seeks relief from a conviction of unlawful possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). Defendant claims he received ineffective assistance of counsel due to his attorney's failure to investigate a defense and erroneous advice to plead guilty, and that he is actually innocent of the charge. In support of these claims, Defendant has filed opening and supplemental briefs and provided factual materials. *See* Def.'s Br. Supp. Mot. [Doc. No. 42]; Def.'s Suppl. Br. [Doc. No. 43].

The government has filed a timely response [Doc. No. 48] opposing the Motion. The government first asserts that the Motion is untimely, as shown by the existing case record. Alternatively, the government contends the Motion lacks merit and, in support, presents the affidavit of Defendant's appointed counsel and other materials to refute Defendant's claim of ineffective assistance.

Defendant has submitted a reply brief [Doc. No. 53] that, although untimely, the Court has exercised its discretion to consider. Defendant disagrees with the government's position regarding both the timeliness and merits of his claims, and requests an evidentiary hearing to address factual issues raised by defense counsel's affidavit.

Upon consideration, the Court finds that the existing record conclusively shows the Motion is untimely and should be dismissed. The Court further finds that no evidentiary hearing is needed to make this determination. *See* 28 U.S.C. § 2255(b); *see also United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996).

**Factual and Procedural Background**

In June 2019, Defendant was indicted on the § 922(g)(1) charge as the result of an investigation by Oklahoma City police officers at Will Rogers International Airport after a loaded firearm was found in Defendant's bag during a security screening on January 11, 2019. At the time of the offense, Defendant was serving a suspended sentence for felony convictions in Kansas; he was prosecuted here under a writ of habeas corpus from Kansas prison officials. Counsel was appointed for Defendant at his first appearance on August 5, 2019. On October 9, 2019, Defendant pleaded guilty to the Indictment under a plea agreement. Defendant was sentenced on May 29, 2020, to a 63-month prison term (the bottom of the guideline range) to be served consecutively to his Kansas sentence. There was no appeal.

A one-year limitations period applies to a § 2255 motion. *See* 28 U.S.C. § 2255(f). As applicable here, the limitation period runs from "the date on which the judgment of conviction becomes final." *Id*. § 2255(f)(1). Defendant's criminal judgment became

final on June 12, 2020, when he did not file a timely appeal. *See United States v. Prows*, 448 F.3d 1223, 1227-28 (10th. Cir. 2006) (conviction is final when time for taking direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (criminal defendant's notice of appeal is due within 14 days after entry of judgment). Thus, Defendant's time limit expired years ago.

## Standard of Decision

Liberally construing Defendant's *pro se* papers, the Court understands that he invokes the equitable "miscarriage of justice" exception to the limitations period for cases involving a "gateway" claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In recognizing this exception, the Supreme Court held that it requires "a convincing showing of actual innocence" under the standard announced in *Schlup v. Delo*, 513 U.S. 298 (1995), and explained in *House v. Bell*, 547 U.S. 518 (2006). *See McQuiggin*, 569 U.S. at 386. Under this standard, Defendant must support his allegations "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324; *House*, 547 U.S. at 537. He also "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schulp*, 523 U.S. at 327; *see McQuiggin*, 569 U.S. at 399; *House*, 547 U.S. at 536-37. The Court in *McQuiggin* emphasized that "tenable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386

3


(quoting *Schlup*, 513 U.S. at 329; citing *House*, 547 U.S. at 538 ("the *Schlup* standard is 'demanding' and seldom met")).

## Discussion

Applying these standards to Defendant's allegations and evidence in this case, the Court finds that this demanding standard is not met. First, Defendant offers no new evidence for his alleged defense, that is, he did not know there was a gun in his bag. The Court acknowledges the view of "new" evidence adopted by the Tenth Circuit in *Fontenot v. Crow*, 4 F.4th 982, 1032 (10th Cir. 2021), to mean evidence that was not presented at trial. In this case, however, Defendant decided to waive a jury trial and plead guilty, so no trial evidence was presented.

The new evidence offered by Defendant was known or readily available to him and his counsel when he pleaded guilty. He primarily relies on a hearing transcript of testimony given by one of the arresting police officers on June 19, 2019, in a Kansas proceeding to revoke his suspended sentence. The testimony predated this case and was known to Defendant. *See* Def.'s Br. at 4 (ECF page numbering) (Defendant told his attorney about the officer's testimony during their first meeting). Defendant offers other evidence to corroborate his version of events related to the purpose and timing of his air travel on January 11, 2019, and past air travel without incident, including an affidavit of Andrea Williams (the mother of two of his children), housing records, information regarding his daughter's high school basketball team, and prior travel itineraries. This evidence is exculpatory only in the sense that it provides context for his defense of

unknowing possession of the firearm. The facts were clearly known to Defendant when he entered his guilty plea.

Further, Defendant fails to present a colorable claim of actual innocence. Defendant's new evidence does not affirmatively demonstrate his innocence or do "more than simply undermine the finding of guilt." *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999). Defendant's evidence does not create a likelihood "that no reasonable juror would have convicted him in light of the new evidence." *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327). As framed by the Tenth Circuit, the *Schulp* standard "involves a probabilistic determination that, in light of all the evidence – old and new; admissible and inadmissible – more likely than not any reasonable juror would have reasonable doubt." *Fontenot*, 4 F.4th at 1035 (internal quotations and citations omitted). For Defendant to succeed, the Court must find that, if the jury had heard all the evidence, "it is more likely than not that no reasonable juror viewing the record as a whole would lack reasonable doubt." *Id.* at 1056 (internal quotation omitted). In this case, Defendant ignores or minimizes the evidence that caused him to plead guilty and does not come close to satisfying the demanding actual-innocence standard.

## Conclusion

For these reasons, the Court finds that Defendant's § 2255 Motion is time barred and cannot be considered.

**IT IS THEREFORE ORDERED** that Defendant's Motion Under 28 U.S. C. §2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 40] is **DISMISSED**. A separate judgment shall be entered accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). Where a claim is dismissed on procedural grounds without reaching the merits, the movant must show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case. Therefore, a COA is **DENIED**.

**IT IS SO ORDERED** this 28th day of February, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge